USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals United States Court of Appeals For the First Circuit For the First Circuit ____________________ No. 92-2089 VILMA E. RIVERA, ET AL., Plaintiffs, Appellants, v. CORPORACION INSULAR DE SEGUROS, Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Gilberto Gierbolini, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr, and Stahl, Circuit Judges. ______________ ____________________ David Efron on brief for appellants. ___________ Efren T. Irizarry Colon, Elisa M. Figueroa-Baez and Law Offices ________________________ _______________________ ____________ Irizarry-Colon on brief for appellees. ______________ ____________________ July 30, 1993 ____________________ Per Curiam. Plaintiffs Vilma E. Rivera and Victor ___________ Otero challenge the district court's decision to grant defendant Corporacion Insular de Seguros's ("CIS's") motion for judgment as a matter of law, see Fed. R. Civ. P. 50, on ___ plaintiffs' negligence claim. Finding no error in the decision below, we affirm. We summarize only the relevant facts. This is a medical malpractice case which plaintiffs brought on behalf of their daughter Vivian, who was injured during childbirth as a result of a doctor's alleged negligence. In their original complaint, plaintiffs sued the doctor involved, CIS, the hospital's insurance carrier, and several unnamed insurance companies. Before trial, however, plaintiffs settled with the doctor. Subsequently, plaintiffs amended their complaint to state a direct action against CIS for negligence, and the case then proceeded to trial against CIS. At the close of the evidence, CIS moved for judgment as a matter of law, arguing that plaintiffs' claim had not been filed within the time specified in the policy. Finding merit in that argument, the district court granted the motion. This appeal followed. Plaintiffs' central contention is that CIS, by not specifically pleading it, waived the affirmative defense upon which the district court relied to grant the Rule 50 motion. We do not agree. In its answer, CIS included the following -2- 2 statement under the heading of "Affirmative Defenses": "[W]hatever policy may ha[ve] been issued to [the hospital], if any, would be limited to its terms, clauses and conditions and by its limit of coverage." Plaintiffs were therefore on notice that CIS would defend on the basis of the terms of the policy, and, having had the policy in their possession well before the trial date, can hardly claim surprise at CIS' reliance upon its express terms as support for its Rule 50 motion. Cf. Mitchell v. Jefferson County Bd. of Educ., 936 ___ ________ ______________________________ F.2d 539, 544 (11th Cir. 1991) ("Liberal pleading rules require a court to determine whether a plaintiff has notice that a defendant is relying on an unpled affirmative defense and whether the plaintiff can legitimately claim surprise and prejudice from a failure to plead the defense affirmatively."). See also Valle v. Heirs of Julio ___ ____ _____ _________________ Wiscovitch & The Globe Indemnity Co., 88 P.R.R. 84, 88 (1963) ____________________________________ ("The purpose of the rule [that affirmative defenses must be pleaded] is to avoid surprises."); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure 1274 ________________________________ (1990) ("An affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives plaintiff fair notice of the nature of the defense.").1 ____________________ 1. Plaintiffs rely upon Valle, 88 P.R.R. at 88-89, to argue _____ that CIS waived its defense under Puerto Rico law. In that case, the court held that an allegation in an answer that the -3- 3 Accordingly, we agree with the district court's conclusion that CIS did not waive the defense upon which its Rule 50 motion was based. Moreover, having carefully reviewed plaintiffs' remaining arguments, we find each of them to be without merit. We further find that the appeal presents no substantial question, and we therefore deny plaintiffs' motion for oral argument and summarily affirm pursuant to Local Rule 27.1. ____________________ insurance "policy `was subject to the clauses and restrictions appearing therein,'" was not sufficient to put the plaintiff on notice that the insurer would assert the insured's "lack of cooperation" as a defense at trial. Id. ___ at 89. The court reasoned that, based on the aforementioned clause, the insured would have no way of discerning the specific defense the insurer intended to use at trial. Id. ___ at 88-89. The instant case does not, however, raise the same notice concerns. CIS stated as an affirmative defense that its liability was limited by the terms of the policy. At trial, CIS argued simply that a claim was not filed within the date specified in the policy. As plaintiffs had the policy well before trial, they cannot claim lack of notice of that defense. In our view, therefore, plaintiffs' reliance upon Valle is unavailing. In any event, the requirements for _____ pleading affirmative defenses are procedural and, therefore, depend on federal law, not Commonwealth law. -4- 4